## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action. _____**

**RICHARD BEZJAK,**

       **Plaintiff,**

  **Vs.**

**ADAMS COUNTY SHERIFF'S DEPUTY JAI ROGERS, in his individually and official capacity, and ADAMS COUNTY SHERIFF'S OFFICE, Individually and Severally,**

      **Defendants.**

---

## PLAINTIFF'S COMPLAINT

---

COMES NOW Plaintiff, by and through the undersigned counsel, and for his Complaint in this matter, shows the Court the following:

### JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and Federal law under 28 U.S.C. §§ 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§ 1961-1968. This court has jurisdiction:

    a.    Over Plaintiff's claims relating arising under the United States Constitution and federal law pursuant to Title 42 U.S.C. § 1983;

    b.    Over Plaintiff's prayer for preliminary and permanent injunctive relief and damages under F.R.C.P. 65(a);

    c.    To award attorney's fees pursuant to Title 42 U.S.C. § 1988; and

2.      Venue is proper in the United States District Court for the District of Colorado because this claim arose within this District. Each and all of acts alleged herein against Defendant Jai Rogers were done by the Defendants under the color and pretense of state law, statutes, ordinances, regulations, and customs.

## PARTIES

3.      Plaintiff, Richard Bezjak ("Plaintiff") is a natural person residing at 12756 Fairfax Street, Thornton, Colorado 80241; and was a resident of Colorado during all relevant times of this action.

3.      Defendant Jai Rogers ("Defendant Rogers") was a duly-appointed sheriff's deputy with the Adams County Sheriff's Department who at all times relevant to this Complaint was acting in his official capacity within the course and scope of his employment and acting under color of state and municipal law.

5.      Defendant Adams County is a County under the Colorado Constitution, Article XIV. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendant Rogers at all times relevant to this Complaint.

6.      Defendant Adams County Sheriff's Department is the public law enforcement agency for Adams County, Colorado. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.  It was also the public employer of Defendant Rogers at all times relevant to this Complaint.

7.      Plaintiff sues all public employees in their official and individual capacities.

8.     At all times material to this Complaint, the actions of Defendant Rogers toward Plaintiff were under color of the statutes, ordinances, customs, and usage of Adams County and the Adams County Sheriff's Department.

## STATEMENT OF FACTS

10.     On or about May 6, 2008 at approximately 5:30 p.m., Plaintiff, a 59 year-old male, was driving home from his job in Commerce City, Colorado via highways 6 and 85 when the engine of his vehicle, a 1978 Mercury Cougar XR/7, began to overheat. After seeing smoke coming from underneath the hood of his car, Plaintiff turned onto the 96th Avenue exit and pulled over his car on the shoulder of the road.

11.     After Plaintiff opened the hood of his car and poured two gallons of water onto the engine, there was no more concern over his engine or any potential of a fire danger. However, a passerby who asserted that he was a volunteer fire fighter with Adams County asked Plaintiff about whether there had been a fire. Plaintiff stated that everything was fine and that no fire existed. Nonetheless, the volunteer fire fighter called 911.

12.     Defendant Rogers thereafter pulled up to Plaintiff and asked if his car had previously been on fire; Plaintiff told Defendant Rogers that there was no longer a fire and therefore no need for either the assistance of law enforcement or fire fighters. Defendant Rogers asked Plaintiff for his name and identification and Plaintiff asserted that he would provide identification after he ensured his engine was no longer a problem. Plaintiff had not committed any criminal violation.

13.     Defendant Rogers thereafter grabbed Plaintiff's shirt and threw him against the side of Plaintiff's car. Plaintiff was then slammed onto the ground before Defendant Rogers

forced his knee into Plaintiff's back and not only shoved Plaintiff's face onto the ground, but rubbed his face into the dirt. Plaintiff, who suffered abrasion and lacerations on his face, was placed into handcuffs, picked up painfully by the handcuffs, and slammed into the side of Defendant Rogers's patrol car. Plaintiff was then placed into the back of the patrol car.

11.    As a result of his violent treatment by Defendant Rogers, Plaintiff sustained severe injuries, including, but not limited to, lacerations and abrasions to his forehead, nose, and left side of his face; a closed head injury; trauma to the right ribs, including fractures to certain ribs; and mental trauma. These acts were intentionally, knowingly, recklessly, willfully, wantonly, and maliciously done by Defendant Rogers and represented official custom, practice, or policy of Adams County and the Adams County Sheriff's Department through its deputy sheriffs, acting under color of law. Though initially charged with various misdemeanors, including assault and obstruction of justice, Plaintiff stands convicted only of a noise violation for the incident at issue.

**FIRST CLAIM FOR RELIEF**
(***Monell* Claim Against Adams County and the Adams County Sheriff's Department**)

12.    Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

13.    The deprivation of constitutional rights, as above alleged, occurred as a result of, during, or as a consequence of the execution of the policies, customs, or usages Defendants Adams County and the Adams County Sheriff's Department, representing a deliberate or conscious choice by the defendant, adopted or maintained in deliberate indifference to the rights and interests of its citizens, including deliberate indifference to citizens' health, and/or safety, and which ratify unlawful acts and omissions by its officers.

14.     These policies, customs, or usages of Defendants Adams County and the Adams County Sheriff's Department deprived the decedent of his rights, security, and liberties guaranteed to him by the Constitution of the United States, made actionable pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 E. Ed.2d 611 (1978) as elsewhere enumerated in this Complaint.

15.     The policies, customs and usages of Defendants Adams County and the Adams County Sheriff's Department constituted deliberate indifference and deprived Plaintiff of the following rights and freedoms guaranteed by the Constitution of the United States, and made actionable pursuant to 42 U.S.C. § 1983:

　　　　a.      The right to be secure, in his person and house, against unreasonable seizure, as guaranteed by the Fourth Amendment;

　　　　b.      The right not to be deprived of his liberty without due process of law; as guaranteed by the Fifth Amendment; and

　　　　c.      The right not to have cruel and unusual punishment inflicted, as guaranteed by the Eighth Amendment; and

　　　　d.      The right to procedural and substantive due process of law under the Fourteenth Amendment.

16.     As a direct and proximate result of the above deliberate indifference and violations of constitutional rights, Plaintiff has suffered actual physical and emotional injuries in an amount to be proven at trial.

17.     WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to

compensate for losses described in this Complaint, and further demands judgment against each

of said Defendants, jointly and severally, for punitive damages, plus the costs of this action,

including attorney fees, both pre-judgment and postjudgment interest, and such other relief

deemed to be just and equitable.

### SECOND CLAIM FOR RELIEF
**(Against all Defendants , Pursuant to 42 U.S.C. § 1983)**

18.     Plaintiff incorporates by this reference the allegations set forth in all preceding

paragraphs, as if those allegations were set forth fully herein.

19.     Defendant Rogers used excessive force which resulted in injuries to Plaintiff.

20.     The acts and omissions of the officers constituted deliberate indifference and

deprived decedent of the following rights and freedoms guaranteed by the Constitution of the

United States, and made actionable pursuant to 42 U.S.C. § 1983:

a.      The right to be secure in his person, and house against unreasonable

seizure, as guaranteed by the Fourth Amendment;

b.      The right not to be deprived of his liberty without due process of law, as

guaranteed by the Fifth Amendment, and

c.      The right not to have cruel and unusual punishment inflicted, including

death, as guaranteed by the Eighth Amendment; and

d.      The right to procedural and substantive due process of law under the

Fourteenth Amendment.

21.     As a direct and proximate result of the above deliberate indifference and

violations of constitutional rights, together with the objectively unreasonable use of force,

Plaintiff has suffered damages and injuries, including mental distress, impairment of his quality of life, and loss of income, in an amount to be proven at trial.

22.     As a result of the above and foregoing, plaintiff seeks an award of compensatory, and special damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, expert witness fees, and legal interest from the date of the officer's actions and omissions.

23.     WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, both pre-judgment and postjudgment interest, and such other relief deemed to be just and equitable.

### THIRD CLAIM FOR RELIEF
**(Against all Defendant, Violations of 42 U.S.C. § 1983: Excessive Force During Search and Seizure)**

24.     Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

25.     The Fourth Amendment of the United States Constitution protects individuals against unreasonable searches and seizures.

26.     Defendants seized the decedent for Fourth Amendment purposes when they tackled Plaintiff to the ground and began assaulting him. During this seizure, unreasonable force which violated clearly established law of which a reasonable person would have known was used against Plaintiff.

27.     WHEREFORE, Plaintiff demands judgment for the unreasonable force applied against him when being seized and searched against Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, both pre-judgment and postjudgment interest, and such other relief deemed to be just and equitable.

**FOURTH CLAIM FOR RELIEF**
**(Against all Defendants, Violations of 42 U.S.C. § 1983: Detention and Confinement)**

28.     Plaintiff incorporates by this reference the allegations set forth in all proceeding paragraphs, as if those allegations were set forth fully herein.

29.     As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

30.     WHEREFORE, Plaintiff demands judgment for the Plaintiff's illegal detention and confinement for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, both prejudgment and post judgment interest, and such other relief deemed to be just and equitable.

**FIFTH CLAIM FOR RELIEF**
**(Against Adams County and Adams County Sheriff's Department, Constitutional**
**Violation of Failure to Properly Train and Supervise)**

31.     Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

32.     The Adams County Sheriff, in that capacity, establishes policies, procedures, customs, and/or practices for sheriff's deputies.

33.     The John Doe deputies, under the oversight of the Sheriff, are responsible for the training and supervision of sheriff's deputies, including but not limited to Defendant Rogers

34.     The policies, procedures, customs and/or practices established by the Sheriff and imparted by the John Doe supervisors are implemented by the Adams County Sheriff's Department.

35.     The Adams County Sheriff and Adams County developed and maintained policies, procedures, customs, and practices exhibiting a deliberate indifference to the constitutional rights of persons in Adams County, which caused the violation of the Plaintiff's constitutional rights, as set forth above.

36.     The John Doe supervising officers failed to adequately train and supervise deputies in Adams County with respect to the use of force, which failure caused the violation of Plaintiff's constitutional rights as set forth above.

37.     Defendants Adams County and Adams County Sheriff's Department were aware of the lack of training given to Adams County deputies in detailing with members of the public, to be free from constitutional violations committed as described in this Complaint.

38.     If any training was given to police officers regarding civil rights of members of the public to be free from constitutional violations, Defendants knew that such training was reckless or grossly negligent and that further misconduct in that area was almost inevitable.

39.     The infliction of injuries and deprivation of constitutional rights to the Plaintiff occurred as a result of or as a consequence of the execution of the policies, procedures, customs, or usages of Defendant, policies representing a deliberate or conscious choice by Defendant, adopted or maintained in deliberate indifference to the rights and interests of its citizens, and which ratify unlawful acts by its officers, including but not limited to the following policies, customs or usages concerning the use of excessive force:

     a.   A policy of providing inadequate training in the use of excessive force through the failure to require constitutionally adequate training;

     b.   A policy of non-prosecution and a tacit authorization of the use of excessive force by its officers involved in incidents of excessive force leading to great bodily injury or death;

     c.   A policy, custom or usage of failure to discipline, sanction, or discharge officers involved in unjustified police brutality, including the failure to terminate or even sanction or reprimand police officers resulting in the practical and legal effect of ratification by Defendant, endorsing the irresponsible use of force as part of a tacit City policy of condoning such irresponsibility;

     d.   A policy of condoning and permitting the exercise of excessive force by police officers, regardless of the circumstances;

     e.   A "cover-up" policy following police beatings and killings; and

f.   A failure to follow up and discipline officers who have been found responsible in
excessive force situations.

40.   Defendant had a statutorily imposed duty to protect the constitutional rights of the
members of the public, including the decedent, from violations of those rights by members of the
Adams County Sheriff's Department.  By failing to properly train such deputies, including
Defendants Rogers and any other John Doe Defendants, these Defendants violated the Plaintiff's
constitutional rights.

41.   The direct result of Defendant's failure to train was the violation of Plaintiff's
rights, as previously described herein, resulting in Plaintiff's pain and suffering.

42.   WHEREFORE, Plaintiff demands judgment for the failure to train and supervise
against Adams County and the Adams County Sheriff's Department for actual, general, special,
and compensatory damages in the amount of sufficient to compensate for losses described in this
Complaint, and further demands judgment against each of said Defendants, jointly and severally,
for punitive damages, plus the costs of this action, including attorney's fees, both prejudgment
and post judgment interest, and such other relief deemed to be just and equitable.

## SIXTH CLAIM FOR RELIEF
### (Against all Defendants, Violations of 42 U.S.C. § 1983: Refusing or Neglecting to Prevent)

43.   Plaintiff incorporates by this reference the allegations set forth in all preceding
paragraphs, as if those allegations were set forth fully herein.

44.   At all times relevant to this Complaint, Defendant Rogers, as a deputy with the
Adams County Sheriff's Department, was acting, respectively, under the direction and control of
Adams County and Adams County Sheriff's Department.

45.     Acting under color of law and pursuant to official policy or custom, Defendant Adams County and Adams County Sheriff's Department knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

    a.   unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    b.   unlawfully and maliciously arresting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    c.   conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Colorado; and

    d.   otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

46.     Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Rogers, Adams County, and Adams County Sheriff's Department had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

47.     Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Rogers heretofore described.

48.     As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth in paragraphs above, Plaintiff suffered physical and mental injuries in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

49.     WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of sufficient to compensate for losses described in this Complaint, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney fees, both pre-judgment and postjudgment interest, and such other relief deemed to be just and equitable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

1)      Award compensatory and punitive damages in an amount to be determined at trial, but not less than $1,000,000.00;

2)      Interest, both pre-judgment and post-judgment, as allowed by law;

3)      Award attorney fees and costs pursuant to 18 U.S.C. § 1988; and

4)      Grant such other relief as the interests of justice require.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**


Dated this 26th day of August, 2009.

Respectfully submitted,


DOUGLAS L. ROMERO, ESQ.

By: /s/ Douglas L. Romero
Douglas L. Romero, Esq.
The Law Offices of Douglas Romero, LLC
Colorado Christian Defense Counsel
200 S. Sheridan Blvd., Suite 150
Denver, CO 80226
Telephone: 303-934-7500
Fax: 303-934-0300
E-mail: dougromero@coloradochristiandefe
nsecounsel.com

TIMOTHY D. EDSTROM, ESQ.

By: /s/ Timothy D. Edstrom
Timothy D. Edstrom, Esq.
The Law Offices of Douglas Romero, LLC
Colorado Christian Defense Counsel
200 S. Sheridan Blvd., Suite 150
Denver, CO 80226
Telephone: 303-934-7500
Fax: 303-934-0300
E-mail: timedstrom@coloradochristiandefen
secounsel.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 26th day of August, 2009, I electronically filed the foregoing **PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Adams County Administration Building
Attn: Adams County Commissioner's Office
450 S. 4th Avenue
Brighton, CO 80601

Hal Warren, Adams County Attorney
Adams County Attorney's Office
450 S. 4th Avenue
Brighton, CO 80601

Colorado Attorney General's Office
1525 Sherman Street, 7th Floor
Denver, CO 80203

Adams County Sheriff's Department
332 N. 19th Avenue
Brighton, CO 80601

Deputy Sheriff Jai Rogers
Adams County Sheriff's Department
332 N. 19th Avenue
Brighton, CO 80601

/S/ Corin Arreola
Corin Arreola